IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LAWRENCE WERTS, SR., § | |
| PLAINTIFF, § | |
| § | |
| V. § | CASE NO. 3:19-CV-2279-D-BK |
| § | |
| MEGAN J. BRENNAN, ET AL., § | |
| DEFENDANTS. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this civil action was referred to the United States Magistrate Judge for judicial screening, including the issuance of findings and a recommended disposition. For the reasons stated here, this case should be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**I.     BACKGROUND**

On September 24, 2019, Plaintiff Lawrence Werts filed a pro se *Complaint* against Defendants United States Postal Service and Megan J. Brennan generally asserting that his "rights were violated." Doc. 3 at 1. In support, he alleges *in toto*:

> Improper clockings from March 30, 2015, thru Aug, 2015   Investigator hired by EEO Office found that my rights were violated 71 times in that time period by the Postal Service also on March the 11th 2019 Edna Jones head of the EEO Department in Dallas, Tx state she had a withdrawal slip on this case with my signature but has not returned our calls or produced the slip.

Doc. 3 at 1 (spelling and grammatical errors in original). In his civil cover sheet, Werts selected "US Government Defendant" as the jurisdictional basis for the *Complaint* and "Other Civil Rights" for the nature of suit. Doc. 3 at 2.

In his *Amended Complaint*, Werts asserts only:

> Improper mandates from March 30, 2015, thru July 2015 from Investigator hired by EEO Office found that my rights were violated 71 times in that time period by the Postal Service, also on March 11, 2019 Edna Jones head of the EEO department in Dallas, Tx stated in a phone call that she had a withdrawal slip on this case with my signature which I said to her is a forgery   She ended the phone call and to this date hasn't answered any calls from myself on my EEO rep Aric Johnson.

Doc. 7 at 1 (spelling and grammatical errors in original).

With this *Amended Complaint*, Werts enclosed a partial copy of an *Investigative Summary* related to 2015 EEO activities, Doc. 7 at 2-4, and a letter that reads:

> I am writing this letter to inform the proper authorities that I have gone through the proper channels in attempting to obtain the necessary documents to prove my case against the United States Postal Service. I was given the task to request, any and all documentation, that would show proof that the management staff at Juanita Craft Station was forcing me to work overtime off my regular assignment, knowing I am not on the overtime list. I have followed procedure and requested the necessary documentation through my NALC Representative, Chris Velasquez. I informed him of the documentation that I was required to attain. The following documentation was requested:
>
>> 1. Employee Everything Report for Lawrence Werts only for the following dates:
>>    a. March 30, 2015
>>    b. Entire month of April 2015
>>    c. Entire month of May 2015
>>    d. Entire month of June 2015
>>    e. July 8, 10, and 16, 2015
>
> The first initial attempt was given to Supervisor, Eisley Brown, on November 21, 2016. The second Attempt was also give to Supervisor, Eisley Brown, on November 30, 2016. A third attempt was signed by Supervisor Steve Washington, on December 2, 2016. Till the present day management at Juanita Craft Station has not provided my union steward or myself with the requested documentation.

Doc. 7 at 5 (spelling and grammatical errors in original).

### II. ANALYSIS

Although Plaintiff paid the filing fee, the Court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction. *System Pipe &*

*Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Unless otherwise provided by statute, a federal district court has subject matter jurisdiction over a federal question arising under the Constitution, a federal law, or a treaty. *See* 28 U.S.C. § 1331. Moreover, the federal question providing the basis for jurisdiction must appear "on the face of the plaintiff's well-pleaded complaint." *Gutierrez v. Flores*, 543 F.3d 248, 251-52 (5th Cir. 2008). The party seeking to invoke a federal court's jurisdiction has the burden to prove that jurisdiction is proper. *See Boudreau v. United States,* 53 F.3d 81, 82 (5th Cir. 1995).

      The Court liberally construes Werts' original and amended complaint with all deference due a *pro se* litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings are "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under this most liberal construction, however, Werts has not alleged facts that establish federal question jurisdiction.

      "A federal question exists only [in] those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duane Morris LLP*, 538 F.3d 334, 337-38 (5th Cir. 2008) (citation and internal quotation marks omitted). Here, neither the original nor the amended complaint contains factual allegations that support federal question jurisdiction. Doc. 3 at 1; Doc. 7 at 1. Werts has not specified a federal cause of action or identified any constitutional or federal statutory violation and mentions only a purported EEO investigation in 2015. Doc. 3 at 2. That is clearly insufficient. Because Werts

fails to invoke the Court's federal question jurisdiction, this action should be dismissed without prejudice *sua sponte*.

### III.   LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint prior to dismissal, but leave is not required when he has already pled his "best case." *Brewster v. Dretke,* 587 F.3d 764, 767–68 (5th Cir. 2009). Here, Werts has already filed an amended complaint. However, neither his original nor amended complaint even suggest a basis for subject matter jurisdiction in this Court. Under these circumstances, granting leave to again amend would be futile and cause needless delay.

### IV.   CONCLUSION

For the foregoing reasons, this action should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. *See* FED. R. CIV. P. 12(h)(3).

**SO RECOMMENDED** on October 30, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).